CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 1 of 8

Exhibit 1

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR PART**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>**Plaintiff**<br><br>v.<br><br>**FINE ARTS CINEMA, CORP.;**<br>**BANCO POPULAR DE PUERTO RICO**<br><br>**Defendants** | **CIVIL NO:**<br><br><br><br><br>**RE: PETITION FOR ORDER** |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now the Plaintiff, Faustino Xavier Betancourt Colón (hereinafter, the "Plaintiff" or "Mr. Faustino") and very respectfully seeks a **permanent injunction**[1] against Fine Arts Cinema, Corp;. and Banco Popular de Puerto Rico pursuant to the provisions of Title III of the American with Disabilities Act - ADA.

### I.   THE PARTIES

**1.**   The name of the Plaintiff is: Faustino Xavier Betancourt Colón. His mailing address is:, 11 Teresa Jornet Street, Apt. 34, San Juan, PR 00926-7561. His physical address is: 11 Teresa Jornet Street, Apt 34, San Juan, PR 00926-7561. His telephone number is: (787) 348-7280.

**2.**   The Defendants are:

---

[1] No preliminary injunction is requested at this time.
I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 2 of 8

2.1 **Fine Arts Cinema, Corp.**; the defendant is the owner, lessee, and/or operator of the place of public accommodation identified in paragraph 5 hereunder.

2.2 **Banco Popular de Puerto Rico**; the defendant is the owner, lessor, and/or operator of the place of public accommodation identified in paragraph 5 hereunder.

## II.     ALLEGATIONS

### A. About the Medical Conditions of the Plaintiff

3. The Plaintiff Colón has the following conditions: (1) hypertension; (2) type II diabetes mellitus; (3) diabetic neuropathy; (4) osteoarthritis; (5) inflammatory arthritis; (6) hydrocephalus; (7) congestive heart failure, which required him to have an automatic defibrillator implanted in February 2012, to prevent sudden death; (8) deformity in both feet; (9) chronic obstructive pulmonary disease; (10) sleep apnea; (11) degenerative joint disease of the lumbar spine; and (12) carpal tunnel.

4. As a result of the aforementioned conditions, the plaintiff has a substantial limited mobility compared to the average person in the general population, the reason why he uses a scooter to get around, and he also owns and occasionally uses a wheelchair. In order to provide further information to this honorable court, I would like to point out that Mr. Faustino Betancourt Colón suffers from heart failure, which causes swelling in the feet, resulting in pain that considerably limits his ability to walk. In addition, his heart failure results in a substantial reduction in his mobility and balance, as walking agitates his breathing or, alternatively, he may suffer hyperventilation.

### B. About the Property in Controversy and Jurisdiction of the Court

5. The property in controversy is a place of public accommodation known as Caribbean Cinemas - Fine Arts Popular, located at Fine Arts Café, Popular Center North Tower, Hato Rey, PR 00918 and its coordinates are: 18.428090768313787, -66.0583579335565. (Hereinafter, "Fine Arts Popular" or the "movie theater").

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 3 of 8

6. Banco Popular de Puerto Rico is the owner and/or lessor of the place of public accommodation identified in paragraph 5.

7. Fine Arts Cinema Corp., is the lessee and/or operator of the place of public accommodation identified in paragraph 5.

### C. Discrimination at Fine Arts Popular Against the Plaintiff Based on his Disability.

8. On November 14, 2023, Mr. Faustino, with a passion for cinema and always looking for a good movie, chose Fine Arts Popular to enjoy his favorite pastime. Aware of the excellent reputation of the place in terms of service and quality of its products, he expected a rewarding experience. However, he encountered a discouraging situation: the presence of architectural barriers in the movie theater prevented him from taking full advantage of the goods and services offered, negatively affecting his experience.

9. As a result of his visit, Mr. Faustino has personal knowledge of the architectural barriers at Fine Arts Popular listed below:

**At the Interior Areas of the Fine Arts Popular:**

a. **Sales and Service Counter**: Upon entering Fine Arts Popular, Mr. Faustino went to the sales and service counter to obtain information regarding the showing scheduled for that day, as well as the other food services offered at the movie theater. However, Mr. Faustino was not able to receive the attention he was expecting because when he approached the counter he identified that this element had and still has a height that limited his accessibility, since from his scooter he could not make proper use of it as it is located at a height of 41.5 inches from the ground.

b. **Ticket Counter**. Mr. Faustino went to the ticket counter to be assisted by an employee to find out which shows or movies were available; however, he was unable to obtain the required information due to the inaccessible height of the counter, which is 41.25 inches high.

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 4 of 8

**The Restroom at Fine Arts Popular:**

    **c. Toilet Area**: When attempting to use the toilet, Mr. Faustino encountered several difficulties that prevented him from using it, as he was unable to properly transfer from his scooter to the toilet because the rear grab bar is short, measuring 24 inches long. Not only was the rear grab bar not accessible to Mr. Betancourt, but he was also affected because the height of the toilet further limited his ability to transfer from his scooter as it is 14.875 inches high, which is too low for Mr. Faustino, plus the toilet is 22.125 inches away from the side wall, making it too difficult for him to use it.

    **d. Sink area**: When Mr. Faustino wanted to reach the sink to use it, he was unable to do so because, when he got closer, he found that the pipes were exposed and without any kind of protection.

**10.** The barriers at the **Interior Areas of Fine Arts Popular** are directly related to Mr. Faustino's disability since the inaccessible counters are high, they represent a discriminatory architectural barrier for Mr. Faustino as due to his disability, he did not have the opportunity to adequately access the information he wanted, so at times he had to raise his voice, stretch from his scooter, or make unnecessary efforts or maneuvers to access the counter, with no success.

**11.** The barriers in the **Restroom at Fine Arts Popular** are directly related to Mr. Faustino's disability because when he tried to transfer from his scooter to the toilet, he found that the rear grab bar was not suitable for him, basically, he could not use it because it was short, and also, as the toilet was too low for him, it made his experience even more difficult, having to refrain from using the toilet because the configuration of it and the other accessories around the toilet are not suitable, plus it was far from the side wall, preventing him from transferring from his scooter to the toilet. Subsequently, he could not get close enough to the sink as the space under it was inadequate and the

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 5 of 8

pipes under it were exposed without any protection, which made him feel disgusted and he had to stretch from his scooter to reach the faucet. All the architectural barriers that Mr. Faustino encountered in the restroom discouraged him from returning to Fine Arts Popular because if he cannot properly relieve himself, a daily activity that becomes a high-risk one, he feels that he is not welcome there.

12. These barriers created serious difficulties and risks for Mr. Betancourt Colón to meet his needs in an independent and dignified manner. These barriers forced him to strain, make awkward and unstable movements, and risk his safety, thereby negatively affecting his experience as a client.

13. The architectural barriers at the **Interior Areas of Fine Arts Popular** may be adapted in the following manner: Alter the counters to be no higher than 36'', alter the counters to have accessible spaces, add accessible spaces in the counters, add an accessible space under the counters, make a portion of the counters accessible.

14. The architectural barriers in the **Restroom of Fine Arts Popular** may be adapted in the following manner: Relocate the toilet, reconfigure the toilet, change it for an accessible toilet so that people with disabilities can use it, reconfigure the rear grab bar to be ADA compliant. Protect exposed plumbing under the sink etc.

15. The Plaintiff is likely to be affected in the future by the barriers that exist at the property because:

    a. The plaintiff is determined to return to Fine Arts Popular within the next few months to enjoy a movie, as he wished to do during his visit, which was not possible, because he is aware that the service provided at Fine Arts Popular and the movie theaters are excellent, plus one of Mr. Faustino's favorite activities is to watch and enjoy the premieres and other movies shown.

    b. The property where Fine Arts Popular is located is only an 18 - 19 minute drive from his home, which is a reasonable distance for Mr. Faustino.

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 6 of 8

16. Mr. Faustino encountered each of the above barriers, interacted with them, and was affected at the time of the visit due to his disability. As an example, because the rear grab bar and toilet height are not accessible for him, he was unable to use the toilet properly.

17. Mr. Faustino intends to return to the property once the architectural barriers have been removed. Only when all barriers related to his type of disability are removed will he be able to return and have a full, equal, dignified, and safe access.

18. Mr. Faustino reserves the right to return at any time to the property for any lawful purpose, even if it means subjecting himself to discriminatory conditions, having to experience inconveniences that others who are not disabled do not experience, or posing a risk to his personal safety and physical integrity. Just as a non-disabled person may choose to submit to hostile conditions that are not unlawful, such as a long and endless checkout line, the Plaintiff will submit to unlawful discriminatory conditions created by the Defendants, regardless of his dignity or even if it poses a risk to his physical integrity.

19. Because the construction and alteration history of the Property is unknown at this time, it is alleged that: the Property was constructed and/or altered after March 15, 2012; in the alternative, the Property was constructed or altered after January 26, 1993; in the alternative, the Property was constructed before January 26, 1993, but the Defendants have the financial resources to bring the property into compliance with the most current building codes.

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 7 of 8

### III. LEGAL REMEDIES SOUGHT

**WHEREFORE**, the Plaintiff very respectfully requests the following legal remedies:

A. A permanent injunction pursuant to 42 USC § 12188 (a) (2) and 28 CFR § 36.504 (a) ordering the Defendants to remove the architectural barriers that exist in the Property by complying with the accessible design guidelines applicable thereto based on its date of construction and alteration. If it is a property that existed on January 26, 1993, that the property be altered to bring it into compliance with the most recent accessible design guidelines promulgated under the ADA to the maximum extent economically feasible for the Defendant, either immediately or through a long-term transition plan toward full compliance. If the creation of a compliance transition plan is not economically feasible, or if the changes that are necessary are not structurally possible, it is requested that access to goods and services be made available through alternative methods pursuant to 42 U.S.C. § 12182(b)(2)(A)(v).

B. In the event that the Defendants' discriminatory condition continues, it is requested pursuant to 42 USC § 12188 (a) (2) and 28 CFR § 36.504, that the closing and shutdown of the Property be ordered as a precautionary measure to stop the discriminatory condition until it has been reliably established to the satisfaction of the court that the discrimination has been eliminated.

C. Dignitary damages in the amount of one dollar or by a judicial pronouncement declaring that the dignity of the plaintiff was aggrieved.

D. Attorney's fees, litigations costs and expenses, should the Plaintiff prevail on his claims.

E. Grant any other remedy that is just and warranted in law or equity, and which has not been expressly requested but is applicable as a matter of law and pursuant to Rule 42.4 of the Puerto Rico Rules of Civil Procedure.

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

SJ2024CV01616 02/15/2024 06:35:04 pm Entry No. 1 Page 8 of 8

**RESPECTFULLY SUBMITTED**.

Dated: February 15, 2024.

**VELEZ LAW GROUP, LLC**
Civil Rights Division

s/José Carlos Vélez Colón
José C. Vélez Colón, Esq.
RUA No. 18913

421 Ave. Muñoz Rivera #205
San Juan, PR 00918

Email.:      vlg@velezlawgroup.com
Tel:         (787) 422-1881

**COUNSEL FOR THE PLAINTIFF**

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>Parte Demandante<br><br>v.<br><br>**FINE ARTS CINEMA, CORP.; BANCO POPULAR DE PUERTO RICO**<br><br>Parte Demandada | **SOBRE:**<br>**PETICIÓN DE ORDEN** |

### DEMANDA

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, Faustino Xavier Betancourt Colón (también "parte demandante" o "señor Faustino") y respetuosamente solicita un **interdicto permanente**[1] en contra de Fine Arts Cinema, Corp. y de Banco Popular de Puerto Rico, de conformidad con las disposiciones del Título III de la *Americans with Disabilities Act - ADA*.

### I. PARTES

1. El nombre de la parte demandante es: Faustino Xavier Betancourt Colón. Su dirección postal es: 11 Calle Teresa Jornet, Apt 34, San Juan, PR 00926-7561. Su dirección física es: 11 Calle Teresa Jornet, Apt 34, San Juan, PR 00926-7561. Su número de teléfono es: (787) 348-7280.

2. La parte demandada está conformada por: :

   2.1. **Fine Arts Cinema, Corp.**; la parte demandada es titular, arrendatario y/u operador del lugar de acomodo público que se identifica en el párrafo 5 de la presente demanda.

   2.2. **Banco Popular de Puerto Rico**; la parte demandada es titular, arrendador, y/u operador del lugar de acomodo público que se identifica en el párrafo 5 de la presente demanda.

## II. ALEGACIONES

### A. Sobre Las Condiciones Médicas de la Parte Demandante

3. El señor demandante tiene varias condiciones, entre ellas (1) hipertensión, (2) diabetes mellitus tipo II; (3) neuropatía diabética; (4) osteoartritis; (5) artritis inflamatoria; (6) hidrocefalia; (7) insuficiencia cardiaca congestiva, la cual requirió que se le implantará un desfibrilador automático en febrero de 2012, para prevenir una muerte súbita; (8) deformidad en ambos pies; (9) obstrucción pulmonar crónica; (10) apnea del sueño; (11) enfermedad articular degenerativa de la columna lumbar y (12) túnel carpiano.

4. El señor demandante, a consecuencia de estas condiciones, presenta una limitación de movilidad sustancial en comparación con una persona promedio de la población general, por lo cual hace uso de un scooter para desplazarse, también es dueño y en ocasiones, utiliza una silla de ruedas. Con el fin de ampliar la información para este honorable tribunal, me permito señalar que el señor Faustino Betancourt Colón, sufre de insuficiencia cardiaca, razón por la cual, sus pies se hinchan y generan mucho dolor al caminar, así mismo, la insuficiencia cardiaca resulta en una reducción sustancial de su movilidad y equilibrio, pues el caminar hace que se agite su respiración o en su efecto, pueda sufrir hiperventilación.

### B. Sobre La Propiedad en Controversia y Competencia del Tribunal

5. La propiedad en controversia es un lugar de acomodo público, conocido como Caribbean Cinemas - Fine Arts Popular, ubicado en Fine Arts Café, Popular Center Torre Norte, Hato Rey, PR 00918, cuyas coordenadas son: 18.428090768313787, -66.0583579335565. (En adelante "Fine Arts Popular" o el "cine")

6. Banco Popular de Puerto Rico es titular, propietario y/o arrendador del lugar de acomodo público que se identifica en el párrafo 5.

7. Fine Arts Cinema, Corp., es arrendatario y/u operador del lugar de acomodo público que se identifica en el párrafo 5.

### C. La Discriminación en Fine Arts Popular al Demandante por Razón de su Discapacidad

8. El 14 de noviembre de 2023, el señor Faustino, apasionado por el cine y siempre en busca de una buena película, eligió Fine Arts Popular para disfrutar de su pasatiempo favorito. Consciente de la excelente reputación del lugar en cuanto a servicio y calidad de sus productos, anticipaba una experiencia gratificante. Sin embargo, se encontró con una situación desalentadora: la presencia de barreras arquitectónicas en el cine impidió que pudiera aprovechar plenamente los bienes y servicios ofrecidos, afectando negativamente su experiencia.

9. Como resultado de su visita el señor Faustino tiene conocimiento personal de la existencia de las siguientes barreras arquitectónicas en Fine Arts Popular:

**Interior de Fine Arts Popular**:

   a. **Mostrador de Ventas y Servicios:** Al ingresar a Fine Arts Popular, el señor Faustino se dirigió al mostrador de ventas y servicios para obtener información respecto de las funciones que se iban a presentar aquel día, así como los demás servicios de comida que ofrece el cine. Sin embargo, el señor Faustino no pudo recibir la atención que esperaba, ya que al acercarse al mostrador identificó que este elemento tenía y tiene a día de hoy una altura que limitó su accesibilidad, ya que desde su scooter no pudo hacer un uso adecuado de este, pues está ubicado a una altura de 41.5 pulgadas respecto del suelo.

   b. **Mostrador de Boletería:** El señor Faustino procedió a movilizarse al mostrador de la boletería con el fin de ser atendido por un empleado que le indicara las funciones o películas disponibles, sin embargo, no pudo obtener la información requerida debido a la

pulgadas.

**Baño de Fine Arts Popular**:

    c. **Área del inodoro:** Al intentar hacer uso del inodoro, el señor Faustino se encontró con varias dificultades que le impidieron hacer uso de este, pues no pudo transferirse desde su scooter al inodoro adecuadamente porque la barra de agarre trasera es pequeña, ya que tiene una longitud de 24 pulgadas. Además de que la barra de agarre trasera no era accesible para el señor Betancourt, este se vio afectado también porque el inodoro tiene una altura que limitó aún más la transferencia desde su scooter a este, ya que mide de alto 14.875 pulgadas, siendo muy bajo para el señor Faustino, sumandose que el inodoro se encuentra a una distancia de 22.125 pulgadas desde la pared lateral, lo que dificultó demasiado el uso del inodoro.

    d. **Área del lavamanos**: Cuando el señor Faustino quiso acercarse al lavamanos para poder hacer uso de este, no pudo hacerlo del todo debido a que al aproximarse, se encontró con que las tuberías se encuentran sin ningún tipo de protección, están expuestas.

10. Las barreras en el **Interior de Fine Arts Popular** se relacionan directamente con la discapacidad del señor Faustino ya que al ser los mostradores inaccesible mente altos, estos representan una barrera arquitectónica discriminatoria para el señor Faustino, pues debido a su discapacidad, no tuvo la oportunidad de acceder a la información que deseaba de forma adecuada, por lo que en ciertas ocasiones tuvo que alzar la voz, estirarse desde su scooter, o hacer esfuerzos o maniobras innecesarias para poder acceder al mostrador, lo cual fue infructuoso.

11. Las barreras en el **Baño de Fine Arts Popular** se relacionan directamente con la discapacidad del señor Faustino porque al él intentar trasladarse desde su scooter al inodoro, se encontró con que la barra de agarre trasera no era adecuada para él, básicamente, no pudo hacer uso de esta porque era pequeña, y además, al ser el inodoro muy

bajo para él, dificultó aún más su experiencia, teniendo que abstenerse de usar el inodoro debido a que la configuración de este y los demás accesorios alrededor del inodoro no son adecuados, adicionando que se encontraba lejos de la pared lateral, impidiendo así la transferencia desde su scooter al inodoro. Posteriormente, no pudo acercarse lo suficiente al lavamanos ya que el espacio debajo de este era insuficiente sumandose que las tuberías debajo del lavamanos estaban expuestas sin ningún tipo de protección, lo que le generó asco, teniendo que estirarse desde su scooter para poder alcanzar el grifo. Todas las barreras arquitectónicas con las cuales el señor Faustino se encontró en el baño lo hicieron sentir disuadido de volver a Fine Arts Popular, pues, si no puede realizar sus necesidades de forma adecuada, una actividad cotidiana que se convierte en una de alto riesgo, siente que no es bienvenido allí.

12. Estas barreras crearon serias dificultades y riesgos para que el señor Betancourt Colón pudiera satisfacer sus necesidades de forma independiente y digna. Pues estas barreras le obligaron a esforzarse, realizar movimientos incómodos e inestables y arriesgar su seguridad, afectando negativamente su experiencia como cliente.

13. Las barreras arquitectónicas en el **Interior de Fine Arts Popular** se pueden resolver de la siguiente manera: Alterar los mostradores para que tengan una medida no superior a 36", alterar los mostradores para que tengan espacios accesibles, agregar espacios accesibles en los mostradores, agregar un espacio accesible debajo de los mostradores, hacer que una porción de los mostradores sea accesible.

14. Las barreras en el **Baño de Fine Arts Popular** se podrían solucionar de la siguiente manera: Reubicar el inodoro, reconfigurar el inodoro, cambiar el inodoro a uno accesible para que las personas en condición de discapacidad puedan utilizarlo, reconfigurar la barra de agarre trasera para que cumpla con la ADA. Proteger las tuberías que se encuentran

15. Es posible que la parte demandante se vea afectada en un futuro por las barreras que existen en la propiedad debido a que:

    a. La parte demandante está decidida a regresar a **Fine Arts Popular** dentro de los próximos meses con el propósito de disfrutar de una película, tal como deseaba hacer en su visita y que no fue posible, porque tiene conocimiento de que el servicio que se presta en Fine Arts Popular y las salas de cine son excelentes, además, que una de las actividades favoritas del señor Faustino es ver y disfrutar de los estrenos y demás películas exhibidas.

    b. La propiedad en donde está ubicada Fine Arts Popular queda a solo 18 - 19 minutos en vehículo desde su vivienda, una distancia razonable para el señor Faustino.

16. El señor Faustino encontró cada una de las barreras arriba mencionadas, interactúa con ellas, y se vio afectado al momento de la visita debido a su discapacidad. A modo de ejemplo, debido a que la barra de agarre trasera y la altura del inodoro son inaccesibles para él, no pudo hacer uso de este adecuadamente.

17. El señor Faustino tiene la intención de regresar a la propiedad una vez se hayan eliminado las barreras arquitectónicas. Solo cuando se eliminen todas las barreras relacionadas con su tipo de discapacidad, podrá regresar y tener un acceso completo, igualitario, digno y seguro.

18. El señor Faustino se reserva el derecho de regresar en cualquier momento a la propiedad con cualquier fin lícito, aun cuando ello suponga someterse a condiciones discriminatorias, que tenga que experimentar inconvenientes que otros no discapacitados no experimentan o que represente un riesgo a su seguridad personal e integridad física. De la misma manera en que una persona sin discapacidades puede optar por someterse a condiciones hostiles que no son ilícitas, como una larga e interminable fila de pago, la parte demandante se someterá a las

independientemente de su dignidad o aunque ponga en riesgo su integridad física.

19. Por no conocerse el historial de construcción y alteración de la propiedad en este momento, se alega: la propiedad fue construida y/o alterada luego del 15 de marzo de 2012; en la alternativa, la Propiedad fue construida o alterada luego del 26 de enero de 1993; en la alternativa, la propiedad fue construida previo al 26 de enero de 1993, pero la parte demandada cuenta con los recursos económicos para que la propiedad cumpla con los códigos de construcción más vigentes.

### III. REMEDIOS LEGALES SOLICITADOS

**POR TODO LO CUAL**, la parte demandante muy respetuosamente solicita los siguientes remedios legales:

A. Un interdicto permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la parte demandada eliminar las barreras arquitectónicas que existen en la Propiedad mediante el cumplimiento con las guías de diseño accesible que le aplicables según su fecha de construcción y alteración. Si se trata de una propiedad que existía al 26 de enero de 1993, que la propiedad se altere para que esté en cumplimiento con las más recientes guías de diseño accesible promulgadas en virtud de la ADA en la medida máxima que sea económicamente viable para el demandado, ya sea inmediatamente o mediante un plan de transición a largo plazo hacia el total cumplimiento. Si la creación de un plan de transición al cumplimiento no es económicamente viable, o si los cambios que son necesarios no son estructuralmente posibles, se solicita que se ordene que el acceso a los bienes y servicios se haga disponible mediante métodos alternos conforme a 42 U.S.C. § 12182(b)(2)(A)(v).

B. En caso de que la parte demandada continúe su condición discriminatoria, se solicita de conformidad con 42 USC § 12188 (a) (2) y

28 CFR § 36.504, que se ordene el cierre y clausura de la Propiedad como medida cautelar para detener la condición discriminatoria hasta tanto se haya acreditado de manera fehaciente y a satisfacción del tribunal que se ha eliminado el discrimen.

C. Daños dignatarios por la cantidad de un dólar o mediante un pronunciamiento judicial que declare que la dignidad de parte demandante fue agraviada.

D. Honorarios de abogado, costas y gastos de litigio, de la parte demandante prevalecerán en sus reclamos.

E. La provisión de cualquier otro remedio que sea justo y propio, en ley o equidad, y que no haya sido expresamente solicitado pero que proceda como cuestión de derecho y conforme a la Regla 42.4 de las Reglas de Procedimiento Civil de Puerto Rico.

**SOMETIDO RESPETUOSAMENTE**.

Fechado: 15 de febrero de 2024.

                                               **VELEZ LAW GROUP LLC**
                                               División de Derechos Civiles

                                               f/José Carlos Vélez Colón
                                               Lic. José C. Vélez Colón
                                               RUA 18913

                                               421 Ave Muñoz Rivera #205
                                               San Juan, PR 00918

                                               Email.:        vlg@velezlawgroup.com
                                               Teléfono:     (787)-422-1881

                                               **ABOGADO DE LA PARTE DEMANDANTE**